**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ASHLEY WINTER CARR,**

**Petitioner,**

**v.** **Case No. 26-CV-1943**

**MICHAEL GIERACH,**
**WARDEN,**[1]

**Respondent.**

---

**RULE 4 ORDER**

---

Ashley Winter Carr, who is currently incarcerated at the Robert E. Ellsworth Correctional Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Carr was charged with multiple offenses in several Jefferson County cases. She lists Case Nos. 2019CF285, 2019CF397, 2019CF244, 2021CF227, and 2021CF262 as relevant to this petition. (Docket # 1 at 2.) She states that she pleaded no contest to charges of child abuse and pleaded guilty to charges of felony bail jumping, domestic violence, and operating while revoked. (*Id.*) While Carr filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket # 2), she also paid the statutory $5.00 filing fee. Thus, Carr's motion for leave to proceed *in forma pauperis* is denied as moot. Carr's

---

[1] Michael Gierach, Warden of Taycheedah Correctional Institution, serves as Warden of the Wisconsin Women's Correctional System, which includes the Robert E. Ellsworth Correctional Center. https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/TaycheedahCorrectionalInstitution.aspx (last visited Oct. 21, 2026). As the proper respondent is the state officer who has custody of the petitioner, *see* Rule 2 of the Rules Governing Section 2254 Cases, Gierach is substituted as respondent for the State of Wisconsin in this case.

petition is ready for screening in accordance with Rule 4 of the Rules Governing Section 2254 Cases.

Under Rule 4, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During this initial review, I determine whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Carr's stated grounds for relief in her petition are not entirely clear. In grounds two and three, Carr appears to challenge the evidence put forth in her case. She states in ground two that there was a "bite mark" that she did not cause and has copies of her dental records that indicate that the marks do not match and in ground three she asserts that there is evidence that the "child's abuse came from the father." (Docket # 1 at 7–8.) Carr states, however, that she pleaded no contest to child abuse and guilty to felony bail jumping, domestic violence, and operating while revoked. "It is well established that an unconditional plea of guilty operates as a waiver of all formal defects in the proceedings, including any constitutional violations that occurred before the plea was entered" and a "plea of no contest invokes the same waiver principle." *Gomez v. Berge*, 434 F.3d 940, 942 (7th Cir. 2006). Thus, it does not appear Carr is entitled to habeas relief on these grounds.

As to ground one, Carr asserts "mental health," stating she suffers from postpartum, an intellectual disorder, attention deficit disorder, and post-traumatic stress disorder. (Docket # at 6.) This statement, in and of itself, does not allege a cognizable constitutional claim. While a guilty or no-contest plea forecloses most avenues of relief under § 2254, a petitioner may seek habeas relief on the grounds that her plea was not voluntarily and intelligently made.

Perhaps Carr means to challenge the voluntariness of her plea or pleas. But her petition, as currently pled, is unclear.

Furthermore, a federal district court may not grant a writ of habeas corpus unless the petitioner has exhausted her state court remedies. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). And because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This includes seeking discretionary review in the Wisconsin Supreme Court. *See id.* Exhaustion further entails having "placed both the operative facts and the controlling legal principles before the state courts." *Chambers*, 264 F.3d at 738.

Carr states in her petition that she did not seek further review by the Wisconsin Supreme Court (Docket # 1 at 3) while simultaneously asserting that she "never heard back from the Supreme Court" (*id.* at 7–8). Thus, it is unclear whether Carr never sought review in the Wisconsin Supreme Court, whether she did, in fact, file a petition for review but has yet to receive a decision, or something else entirely. If Carr has not fully exhausted any federal claims in state court, her petition is likely procedurally defaulted, thus precluding habeas review unless she can demonstrate both cause and prejudice for her failure to exhaust or show that failure to review the claims would result in a fundamental miscarriage of justice. *Howard v. O'Sullivan*, 185 F.3d 721, 726 (7th Cir. 1999).

Given the lack of clarity in Carr's petition, she will be given an opportunity to file an amended petition. In her amended petition, Carr should clarify the criminal case that is the

subject of the petition and clearly identify in her asserted grounds for relief how her sentence violates the Constitution, laws, or treaties of the United States. She should also clarify whether she has fully exhausted these claims, which again, means that the constitutional claims were presented to each level of the Wisconsin state courts—the circuit court, the court of appeals, and the supreme court.

Carr will be given until **November 20, 2026**, to file an amended petition. The clerk's office will provide Carr with another copy of the habeas petition form. Carr is advised that the amended petition must bear the docket number assigned to this case and must be labeled "Amended Petition." Any amended petition will supersede the original petition and must be complete in itself without reference to the original petition. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If an amended petition is received, it will become the operative petition in this action, and the Court will screen it in accordance with Rule 4 of the Rules Governing Section 2254 Cases. If Carr fails to timely file an amended petition addressing the deficiencies raised in this order, I will recommend that the petition be dismissed without prejudice.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 21st day of October, 2026.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge