UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ASHLEY WINTER CARR,**

**Petitioner,**

**v.** **Case No. 26-CV-1943**

**MICHAEL GIERACH,**
**WARDEN,**

**Respondent.**

---

## REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS[1]

---

Ashley Winter Carr, who is currently incarcerated at the Robert E. Ellsworth Correctional Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Carr was charged with multiple offenses in several Jefferson County cases. She listed Case Nos. 2019CF285, 2019CF397, 2019CF244, 2021CF227, and 2021CF262 as relevant to the petition. (Docket # 1 at 2.) She stated that she pleaded no contest to charges of child abuse and pleaded guilty to charges of felony bail jumping, domestic violence, and operating while revoked. (*Id.*)

In an Order dated October 21, 2026, I found that Carr's stated grounds for habeas relief were not entirely clear, nor was it clear which judgment of conviction she was challenging and whether she had exhausted her state court remedies. (Docket # 4.) Carr was given leave to file an amended habeas petition and was instructed to clarify the criminal case that is the

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the amended petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

subject of the petition; clearly identify in her asserted grounds for relief how her sentence violates the Constitution, laws, or treaties of the United States; and clarify whether she has fully exhausted these claims. (*Id.* at 3–4.) Carr was warned that failure to timely file an amended petition addressing the deficiencies raised would result in a recommendation that the petition be dismissed without prejudice. (*Id.* at 4.)

While Carr timely filed an amended petition (Docket # 6), the amended petition provides no further clarity as to how she asserts her sentence violates federal law. In her amended petition, Carr continues to assert "mental illness" as ground one; "dental records" as ground two; and "have a cps report on mother of victim" as ground three. (*Id.* at 7–9.) Carr asks this Court to "look at [her] evidence and at least run [her] child abuse sentences concurrent." (*Id.* at 13.) Carr misunderstands the purpose of federal habeas review. A federal habeas court is not "an alternative forum for trying facts and issues" raised in state court. *See Williams v. Taylor*, 529 U.S. 420, 437 (2000). And errors of state law are not, in and of themselves, cognizable on federal habeas review. *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004). Rather, the "remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." *Id.*

Carr's amended petition fails to present a violation of federal law. Because it plainly appears from the amended petition that Carr is not entitled to relief in the federal district court, the petition must be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For these reasons, I recommend Carr's amended petition for writ of habeas corpus be dismissed without prejudice.

Finally, Carr filed an additional motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 7.) Once again, Carr already paid the statutory $5.00 filing fee. This motion is denied as moot.

**NOW, THEREFORE, IT IS RECOMMENDED** that Carr's amended habeas petition (Docket # 6) be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Carr's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket # 7) is **DENIED AS MOOT**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 17th day of November, 2026.

BY THE COURT

Nancy Joseph

NANCY JOSEPH
United States Magistrate Judge